FILED & JUDGMENT ENTERED
Steven T. Salata

May  1  2019

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## SHELBY DIVISION

In re:  )
        )
**Gary Lee Morris** and  )  Chapter 13
**Cheryl Jenkins Morris**,  )  Case No. 15-40526
        )
        Debtors.  )
_____ )

## ORDER DENYING AMENDED MOTION

**THIS MATTER** is before the Court on the Amended Motion to Modify Chapter 13 Plan; to Determine Debtors have Cured Default and Paid All Required Post-Petition Amounts Including Mortgage Arrearage Cure Payments; to Deem Mortgage Loan Account Current; and Request for Non-Base Fee and Reimbursement of Expenses (the "Motion") filed by the Debtors on January 10, 2019.  The Court held a hearing on the Motion on April 26, 2019 at which the Debtors and the Chapter 13 Trustee appeared.  At the conclusion of that hearing, the Court took the matter under advisement.  The Court is now prepared to make its ruling and finds as follows:

The Debtors filed a joint voluntary petition and plan under Chapter 13 of the Bankruptcy Code on December 17, 2015.  Their plan was confirmed on March 8, 2016.  (Docket no. 21).  As confirmed, the Debtors' plan is a 60-month base plan with an estimated 67% dividend to general unsecured claims.  The Debtors have made 33 of the required 60 monthly payments.  However,

as detailed in the Motion, the Debtors allege that they have experienced unexpected changes in circumstances that justify ceasing plan payments at this point and discharging the Debtors. To date, the Debtors have paid in full all secured, priority, and administrative claims that were required to be paid under their confirmed plan and have paid a 33% dividend to the general unsecured creditors.

Given that the Debtors have failed to complete the plan as confirmed, and that the plan has a res judicata effect, the typical remedy would be a dismissal of the case. However, the Debtors seek to modify their plan to the amounts paid in. In essence, the Motion seeks to obtain a section 1328(a) discharge in the middle of the plan. While it appears to be true that the Debtors have paid all allowed secured claims in full and modification of the present plan payment to a reduced monthly payment that these Debtors can afford would not provide a meaningful additional dividend to any unsecured creditors, granting the relief requested by the Debtors is not authorized by law.

11 U.S.C. § 1328(b) speaks to this precise circumstance, where (1) the Debtors have not completed their plan payments due to substantial unexpected circumstances, (2) the Debtors have paid to allowed unsecured creditors as much or more than they would have received under Chapter 7, and (3) modification under section 1329 is not practicable. Under these circumstances, section 1328 provides for a hardship discharge. See 11 U.S.C. § 1328(c). The distinction between a hardship discharge and that which is provided under section 1328(a) is material. The hardship discharge is much less broad than that provided by section 1328(a) and is equivalent to that which would have been received in a Chapter 7 bankruptcy case. For instance, section 1328(c) does not discharge claims controlled by section 1322(b)(5). Additionally, claims excepted from discharge pursuant to section 523(a) are not discharged by section 1328(c).

Granting a section 1328(a) discharge under these circumstances would essentially write

sections 1328(b) and (c) out of the Code, an untenable result recognized by other bankruptcy courts. The vast majority of cases provide that a Chapter 13 debtor's inability to complete plan payments is not a ground for modification to amounts paid in but rather, the debtor must seek a hardship discharge under section 1328(b). E.g., *In re Dowey*, 580 B.R. 168, 171 (Bankr. D.S.C. 2017) ("[S]ections 1328(a) and (b) are mutually exclusive—a debtor either completes or does not complete the 'payments under the plan.'"); *In re Guernsey*, 189 B.R. 477 (Bankr. D. Minn. 1995); *In re Bond*, 36 B.R. 49, 51 (Bankr. E.D.N.C. 1984) ("[T]he case could have concluded in one of two ways: 1) the Debtor could have made the required Plan payments; or 2) the Debtor could have applied for a 'hardship discharge' under 11 U.S.C. § 1328(b).").

Under these circumstances, the Debtors are not entitled to a discharge under section 1328(a). However, they may qualify for a hardship discharge. To that end, the Motion is **DENIED WITHOUT PREJUDICE** to the Debtors filing a motion pursuant to 11 U.S.C. § 1328(b).

**SO ORDERED**.

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court